19-311/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:20-cv-61385

LYNN DOE,
       Plaintiff,

vs.

HOTEL MOTEL INC.
       Defendant.
_____/

**DEFENDANT, HOTEL MOTEL, INC.'S MOTION TO DISMISS THE COMPLAINT**

Defendant, HOTEL MOTEL, INC., pursuant Federal Rule of Civil Procedure 12(b)(6), requests the Court to dismiss the Complaint filed by Plaintiff, LYNN DOE, for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant states:

**Introduction**

Plaintiff's Complaint attempts to bring an action against the Hotel related to allegations of sex trafficking of children by force, fraud, or coercion pursuant to 18 U.S.C. §1591(a) and 18 U.S.C. §1595. However, Plaintiff's Complaint fails to state a plausible claim for which relief can be sought and must be dismissed.

**Plaintiff's Allegations**

Plaintiff's Complaint makes numerous assertions regarding "human trafficking" generally without providing sufficient facts that would allow the Court to draw any reasonable inferences that Defendant is liable for the alleged misconduct. Specific to the Defendant (hereinafter "Hotel"), the Complaint makes general and conclusory allegations that the Plaintiff was brought to the Lafayette Hotel in 2012 where unidentified individuals based a sex-trafficking operation.

*See Plaintiff's Complaint, Dn. 1 at* ¶¶ 27-28, 56, 77, 110-111.

The Complaint continues to make general and unspecified allegations that the Hotel benefitted from receiving payments for rooms used by traffickers. *See Dn. 1 at* ¶¶ 32-33, 62 Additionally, an unidentified general manager is alleged to have checked the Plaintiff into the Lafayette Hotel on one occasion during the second week of June, 2012, been inside a room where unidentified individuals were keeping the Plaintiff, and participated in a sexual act involving the Plaintiff. *See Dn. 1 at* ¶¶ 59-62, 88-89, 93.

Specific to the Hotel, the remainder of Plaintiff's Complaint alleges mere general statements, conclusory allegations, and legal assertions devoid of sufficient factual enhancement to state a claim that is plausible and not merely possible.[1]

## Memorandum of Law

A complaint must state a claim for relief that is plausible and not merely possible on its face. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *accord*

---

[1] Plaintiff's Complaint contains many conclusory allegations and legal assertions without any/sufficient factual enhancement in support of the allegations, e.g. below:

¶ 8(a) through (y) "Prior to June 2012 and the victimization of the Plaintiff….., Defendant was aware of the following:

a. that both the United States Congress and The Florida Legislature have found that human trafficking is a form of modern-day slavery which victimizes young children, teenagers, and adults.

b. Thousands of victims, including minors such as Plaintiff, are trafficked annually across international borders worldwide and many of these victims are trafficked into this state.
…….

y. Defendant was aware that hotels which elected not to utilize preventative training and resources or engage in preventative policies and practices were often choosing profits over people."

¶ 125 "[The Hotel's] acts and omissions facilitated and furthered the human trafficking venture which victimized [the Plaintiff."

¶ 127 "[The Hotel] knowingly benefitted, either financially, or by receiving something of value, from participation in a venture which [the Hotel] knew or should have known had engaged had engaged in an act in violation of 18 U.S.C. §1591.

*Fed. Trade Comm'n v. Hornbeam Special Situations, LLC*, 391 F. Supp. 3d 1218, 1222 (N.D. Ga. 2019) (Ray, J.).

The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678); see also *Hornbeam*, 391 F. Supp. 3d at 1222.

Mere assertions devoid of further factual enhancement are insufficient. Rather, a complaint must present sufficient factual matter, accepted as true, to raise a right to relief above the speculative level. Legal conclusions are insufficient. *Iqbal*, 556 U.S. at 678, *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555), *Hornbeam*, 391 F. Supp. 3d at 1222.

If a court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims must be dismissed. *Valentine Communications, LLC v. Six Continents Hotels, Inc.*, 389 F. Supp. 3d 1223, 1229 (N.D. Ga. 2019) (Ray, J.).

### **Plaintiff's Complaint Does Not Allege Plausible Claims Against The Hotel**

18 U.S.C. § 1591(a) is a criminal statute regarding forced or coerced sexual activity by adults and commercial sexual activity by minors. Under limited circumstances it can give rise to civil claims. *See* 18 U.S.C. § 1591(a), 1595(a).

Section 1591(a) provides as follows:

> Whoever knowingly –
>
>> (1) in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by a means a person; or
>>
>> (2) benefits, financially or by receiving anything of value, from

>> participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact that means of force, threats of force, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1595(a) is a civil remedy portion which in turn provides that;

> "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States…" 18 U.S.C. § 1595(a).

Plaintiff's Complaint fails to meet the requirements of 18 U.S.C. § 1595(a) for a valid civil claim against the Hotel since it fails to allege sufficient factual allegations to plausibly allege that the Hotel benefited from participation in a venture which it knew or should have known violated 1591(a).

I. **The Hotel Did Not Knowingly Benefit From Plaintiff's Alleged Trafficking**

To establish a violation of 1595(a) the Plaintiff must show that the Hotel knowingly received a valuable benefit from knowing participation in the sex trafficking. *United States v. Flanders*, 752 F.3d 1317, 1338 (11th Cir. 2014).

Plaintiff's Complaint does not contain sufficiently plead allegations that the Hotel

knowingly participated in or knowingly benefitted from the alleged trafficking. The controlling question is whether a trafficker provided benefits to a hotel as a result of a defendant's facilitation of sexual misconduct. *Geiss v. Weinstein Co. Holdings, LLC*. 383 F. Supp. 3d 156, 170 (S.D.N.Y. 2019).

In this matter, Plaintiff alleges that the Hotel benefitted by receiving room revenue, however the Hotel is a company in the business of operating a hotel and commonly receives room revenue from many individuals totally unrelated to any alleged trafficking. Plaintiff's Complaint makes no allegations that the Hotel received any additional revenue as a result of the alleged trafficking than it would have if the room were rented for any other purpose.

It is not sufficient to allege that the Defendant received revenue from hotel rooms used for alleged trafficking. Instead, it must be plausibly shown that the Hotel benefitted "on account of the sex acts." *Id.* at 170.

At best, the Complaint alleges generally that the Hotel benefitted financially from the rental of rooms, rather than on account of any trafficking which is insufficient to survive a motion to dismiss. See *Geiss*, 383 F. Supp. at 170; *Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) ("Nor have Plaintiffs offered evidence to show that Defendants were compensated 'on account of' the sex acts. . . . The fact that sexual abuse was committed by the ministry's leader and that members of the ministry had their expenses paid for through ministry funds is simply not sufficient to establish a violation of 18 U.S.C. § 1591.").

To the extent that the Complaint alleges that employees of the Hotel may have benefitted from the alleged trafficking of the Plaintiff, those allegations relate solely to benefits received outside of the scope of their employment with the Hotel. There are no allegations contained in the

Complaint that the Hotel, or its owners knew, should have known, or participated in the alleged trafficking. The Complaint does not make adequate and plausible allegations regarding any specific benefit knowingly received by the Hotel or its owners.

Based upon the foregoing, Plaintiff's Complaint does not contain sufficient allegations that the Hotel knowingly benefitted from Plaintiff's alleged trafficking and it must be dismissed on that basis.

**II.     The Hotel Did Not Participate In Any Alleged Trafficking Venture**

Allegations that rooms were rented at the Lafayette Hotel for the purposes of trafficking the Plaintiff are insufficient to show that the Hotel participated in any venture under 1595(a).

"In the absence of a direct association, Plaintiff must allege at least a showing of a continuous business relationship between the trafficker and the hotels such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement. *See, e.g.*, *In re Polyurethane Foam Antitrust Litigation*, 152 F. Supp. 3d 968, 983 (N.D. Ohio 2015) (citing *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 126 (3d Cir. 1999)) (acknowledging that price-fixing can be shown be tacit agreement); *McGuire v. Lewis*, No. 1:12-cv-986, 2014 WL 1276168, at *6 (finding allegations sufficient "to identify the individuals alleged to have conspired, to plausibly suggest some joint action among the individuals, and to explain how the purported joint action led to the alleged deprivation of [plaintiff's] rights. In particular, they plausibly show a tacit agreement....")." *H.H. v. G6 Hospitality, LLC., et al.*, No. 2:19-CV-755, 2019 WL 6682152 at *4.

Plaintiff's Complaint makes no allegations whatsoever regarding a "continuous business relationship," "tacit agreement," "pattern of conduct," or "prior dealings" between the Hotel and the alleged traffickers sufficiently to constitute a joint venture under section 1595(a).

While the Court in *H.H. v G6 Hospitality* ultimately denied the defendant's motion to dismiss, the court noted significant factual allegations made by the Plaintiff in *H.H.* which are totally absent in, and thus highly factually distinguishable from, the present matter. *H.H. v. G6 Hospitality, LLC., et al. at 1\**.

In *H.H.*, the complaint alleged that the hotel Defendants knew that sex <u>trafficking occurred frequently on their properties</u> and failed to prevent it. Plaintiff also made specific allegations regarding what would have been observable to hotel staff as indicia of trafficking, including "bottles of lubricants, boxes of condoms, excessive requests for towels and linens, cash payments," and physical signs of human trafficking including "branding, restraints, bruises, physical deterioration." Additionally, in *H.H.*, Plaintiff alleged that while she was at <u>each hotel property</u> she was routinely escorted by her trafficker to the front desk to hand deliver cash payments, that she was discovered by the hotel cleaning staff at the Motel 6 Columbus "tied to the guest room bed," and that "despite her desperate pleas for help, the staff ignored her." Finally, the Plaintiff in *H.H.* alleged that housekeeping staff discovered her chained up in the bathroom and ignored her pleas for help.

In the present matter, the only specific allegations in Plaintiff's Complaint regarding the participation of the Hotel or any of its employees in any alleged trafficking relate to an unidentified general manager, outside of the scope of his employment, and the Plaintiff during a single stay occurrence on one property.

Mere allegations regarding the participation of an unidentified general manager employee in <u>one instance</u> of trafficking are insufficient to state a plausible claim against the Hotel under the foregoing case law. Additionally, the allegations against the unidentified general manager in Plaintiff's Complaint relate to actions that would have been wholly outside of the scope of his

employment with the Hotel, and done for the general manager's own benefit or the benefit of third parties, but not the benefit of the Hotel.

For a corporation to be liable for the criminal actions of its employees, an employee must have acted with the intent to benefit the corporation. *Standard Oil Company of Texas v. United States*, 307 F.2d 120 (5th Cir. 1962). An intent to benefit the corporation is required to insulate the corporation from criminal liability for actions of its agents which are inimical to the interests of the corporation or which may have been undertaken solely to advance the interests of that agent or of a party other than the corporation. *Id.*

Plaintiff's allegations that the general manager was present in the room where alleged trafficking activities occurred and participated in sexual acts with the Plaintiff are not allegations of conduct in the scope of Plaintiff's employment or for the benefit of the Hotel, and do not state a plausible claim that the Hotel participated in a joint trafficking venture under 1595(a).

Due to the Complaint's failure to sufficiently allege that the Hotel, its owners, or its employees in the course of their employment participated in a venture which trafficked the Plaintiff it must also be dismissed on that basis.

### III. The Hotel Did Not Know Of Plaintiff's Alleged Trafficking

18 U.S.C. § 1595(a) requires plausible allegations that the Hotel knew or should have known that the Plaintiff was being trafficked in violation of section 1591(a).

Plaintiff makes no allegations that the Hotel knew or should have known that the Plaintiff was a minor at the time of the alleged trafficking, and it is insufficient to allege only that the Hotel knew, recklessly disregarded, or should have known that a non-minor was participating in commercial sexual activity, such as prostitution, to constitute a viable cause of action under section 1595(a).

Instead, a civil cause of action based upon a criminal violation of section 1591(a) must allege that the Hotel knew or should have known that the Plaintiff was <u>forced or coerced</u> to commit commercial sex acts, not merely participated in them.  Plaintiff's Complaint makes no specific allegations that the Hotel knew or should have known that the Plaintiff was forced or coerced to commit sexual acts on its premises.

In *J.B. v. G6 Hospitality*, the Court held that a Plaintiff's allegations were not sufficient to show that the defendant should have known she was being trafficked and dismissed her complaint where she merely alleged that she was brought into rented rooms and never sought any help from hotel staff.  *J.B. v. G6 Hospitality*, LLC. et al., No. 19-cv-07848-HSG, 2019 WL 4901196.

The *J.B.* court held that the allegations contained in the plaintiff's complaint clearly fell short of the allegations made in cases in where courts had found constructive knowledge sufficiently pled.  For example, in *M.A. v. Wyndham Hotels & Resorts, Inc.*, a sex trafficking victim specifically alleged that "while she was at each hotel property, 'the hotel staff would have or should have observed visible physical changes, such as bruising,' and that '[d]espite her desperate pleas and screams for help, after being beaten or choked at the Defendants' hotel properties, the hotel staff ignored her and did nothing to prevent the ongoing and obvious torture she endured.' " 425 F. Supp. 3d at 962 (citation omitted). Similarly, in *Ricchio v. McLean*, the First Circuit found significant "[alleged trafficker's] coercive and brutal behavior to a physically deteriorating [plaintiff], who pleaded for help," as well as interactions between the alleged trafficker and the hotel owner. 853 F.3d 553, 557 (1st Cir. 2017).  These cases contain allegations that the victim sought help and was seen by employees with physical injuries or other facts suggesting coercion allow courts to infer that motel or hotel employees should have known that human trafficking was occurring, as opposed to other criminal conduct, such as prostitution.  *J.B. v. G6 Hospitality* at 11*

In the current matter, Plaintiff's Complaint does not make any allegations regarding visible injuries, audible cries for help, or interactions with the hotel owner. There are no plausible allegations that the Hotel knew or should have known that the Plaintiff was being forced or coerced to engage in trafficking as opposed to general commercial activity, as required to plead a claim under section 1595(a).

Once again, due to Plaintiff's failure to make sufficient allegations that the Hotel knew of should have known that Plaintiff was forced or coerced to commit sexual acts on its premises, the Complaint fails once again to state a plausible cause of action and must be dismissed on that basis as well.

## Conclusion

Based on the foregoing, the Hotel's Motion to Dismiss the Complaint should be Granted the Plaintiff's Complaint must be dismissed.

Respectfully submitted,

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
Counsel for Hotel Motel
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560
Fax: 561/688-2343
Email: bbedard@rrbpa.com
Service Email: service_BLB@rrbpa.com


*/s/ John J. George for*
BENJAMIN L. BEDARD
FBN:  983772


(Certificate of service on the following page)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 8th day of September, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC. I also certify that the foregoing document is being served this day to Justin Grosz, Esq., Counsel for Plaintiff, 10360 W. State Rd 84, Ft Lauderdale, FL 33324, justin@justiceforkids.com; stacie@justiceforkids.com; howard@justiceforkids.com; marisela@justiceforkids.com;, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Email: bbedard@rrbpa.com; skaufer@rrbpa.com
Attorneys for Hotel Motel

*/s/ John J. George for*
BENJAMIN L. BEDARD
Florida Bar No: 983772